IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOSE MANUEL QUINTANILLA § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> HOME DEPOT USA, INC. and § <br> THE HOME DEPOT, INC. § <br> Defendant. § | CIVIL ACTION 7:23-cv-00087 <br><br><br> JURY TRIAL REQUESTED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, **Jose Manuel Quintanilla,** hereinafter referred to by name as Plaintiff, and complains of **Home Depot USA, Inc.** and **The Home Depot**, **Inc**. hereinafter referred to as Defendants, and for cause of action would respectfully show unto the Court and Jury the following:

**I.**
**PARTIES**

1.   Plaintiff **JOSE MANUEL QUINTANILLA** is an individual who is a resident of Hidalgo County, Texas.

2.   Defendant, **HOME DEPOT USA, INC.**, is a foreign for-profit corporation conducting business within the State of Texas and may be served with process through its Registered Agent: Corporation Service Company D/B/A CSC-Lawyers Incorporating Service at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever he/she may be located. Upon information and belief, Home Depot U.S.A., Inc.'s principal place of business is not in the State of Texas.

3.   Defendant, **THE HOME DEPOT USA, INC.**, is a foreign for-profit corporation conducting business within the State of Texas and may be served with

1

process through its Registered Agent: Corporation Service Company D/B/A CSC-Lawyers Incorporating Service at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever he/she may be located.

4. Defendant **THE HOME DEPOT, INC.** is a foreign corporation with a home office at 2455 Paces Ferry Rd. SE Atlanta, GA 30339. The Home Depot, Inc. does not maintain a regular place of business in the State of Texas or an active designated agent for service of process. Therefore, service of process may be accomplished by serving duplicate copies of process upon the Georgia Secretary of State as follows:

The Corporations Division of the Secretary of State's Office
2 Martin Luther King, Jr. Drive, Ste. 313 West Tower, Atlanta, GA 30334-1530

5. The Secretary of State will then immediately mail a copy of the process by registered or certified mail, return receipt requested to the person in charge of Defendant The Home Depot, Inc.'s business at its home office address as follows:

The Home Depot, Inc.
2727 Paces Ferry Road
Atlanta, GA 30339

6. In addition, Tex. R. Civ. P. 108 permits service in another state when the defendant is a nonresident of Texas in the same form as prescribed for citation to a resident defendant. Accordingly, Plaintiff requests that the Clerk of the Court serve process by registered mail or by certified mail, return receipt requested on The Home Depot, Inc. as follows:

The Home Depot, Inc.
c/o CSC of Cobb County, Inc., Registered Agent
192 Anderson Street S.E., Ste. 125 Marietta, GA 30060

7. Defendant The Home Depot, Inc. is engaging in business in the State of Texas within the meaning of §17.042 of the Texas Civil Practice and Remedies Code.

2

Defendant The Home Depot, Inc. does business and is doing business in the State of Texas and in Hidalgo County, Texas, in that it generates profit from its business activities in Texas, namely through the sale of home improvement goods and services; it has a substantial connection with Texas arising from actions it purposely directs towards Texas and from which it benefits; and it committed a tort in whole or in part in the State of Texas. Defendant

## II.
## MISNOMER/ALTER EGO

8. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that each was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contend that such "corporate veils" should be pierced or hold such parties properly liable including the interest of justice.

9. Additionally, to the extent that the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against them, pursuant to the terms of TEX. R. CIV. P. 28, and Plaintiff hereby demands that upon answering this suit, they answer in their correct legal name and assumed name.

## III.
## VENUE AND JURISDICTION

10. This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because the suit involves a controversy between parties of diverse citizenship and the amount in controversy exceeds **SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00)**.

11. Venue is proper in the Southern District of Texas, McAllen, pursuant to 28 U.S.C. § 1391 because all or a substantial part of the acts or omissions forming the basis of these claims occurred in The Southern District of Texas, particularly in McAllen, Texas. Furthermore, the court has personal jurisdiction over Defendant because the Defendant availed itself of the Southern District of Texas by operating one of its stores in McAllen, Texas where the acts and omissions made the basis of this suit occurred.

## IV.
## BACKGROUND FACTS

12. On or about March 19, 2021, Plaintiff Jose M. Quintanilla, was an invitee of Defendant Home Depot located at 407 N. W Jackson, Ave., Pharr, Texas 78577. While inside the Home Depot and while in the power tools section, a foreign object struck the inside of Plaintiff's right eye.

13. At that time, Mr. Quintanilla, a customer, had entered the premises as a business invitee to whom Defendant Home Depot owed the duty to use ordinary care in making its premises reasonably safe and/or warning Mr. Quintanilla of any dangerous condition and/or activities existing upon the premises.

14. Based on information and belief, on the occasion in question, an object came from a metal grinder that was operated by an employee of Home Depot which struck the eye of Plaintiff causing him to sustain personal injuries.

15. As a result of their negligence Plaintiff sustained personal injuries.

16. At all times relevant, Plaintiff exercised ordinary care and did not cause or contribute to his injuries. Defendant failed to exercise necessary precaution, inspect the premises and/or display safety notices to maintain the premises in a reasonably safe condition.

## V.
## NEGLIGENCE OF DEFENDANTS

17. On the occasion in question, the Defendant, including all applicable agents, servants, and employees, were guilty of negligence towards the Plaintiff when it reached its duty of due care to Plaintiff in the following respects:

   a. Failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the premises;

   b. Failing to warn invites, including Plaintiff, of the unreasonably dangerous condition of the premises in question.

   c. Failing to properly inspect the premises in question to discover the unreasonably dangerous condition in question;

   d. Failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe;

   e. Failing to implement proper polices, rules, and/or procedures to make its premises reasonably safe;

   f. Failing to enforce proper polices, rules, and/or procedures to make its premises reasonably safe; and

   g. Failing to properly warn the public.

18. Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with other, constituted negligence which proximately caused the occurrence made the basis of this suit, and Plaintiff's injuries and damages pled herein.

## VI.
## STATUS

19. At all times of said occurrence, and at all times material hereto, Plaintiff **JOSE MANUEL QUINTANILLA,** was an invitee on Defendant's premises.

## VII.
## CLAIMS FOR RELIEF
## DEFENDANT'S NEGLIGENCE

5

20. Defendant owed a duty to Plaintiff to ensure, maintain, properly supervise, and train their employees. Additionally, Defendant owed the duty to maintain safe proper and procedures and to train their employees on said policies and procedures in assisting customers with their purchased goods. Said Defendant owed a duty to Plaintiff to adequately ensure and maintain the premises and to train and supervise the employees to prevent wooden boards or other goods from falling onto the Plaintiff. Defendant failed to properly supervise and train its employees of the policies and procedures used by their employees and/or agents. As a direct and proximate result, Plaintiff suffered serious and permanent injuries and damages as specified herein, for which Plaintiff now sues.

21. Defendant had a duty to use reasonable care to keep the customers, like the Plaintiff, safe by enforcing its safety policies and regulations.

22. Defendant exercised and/or retained actual and/or contractual control over the safety of its premises.

23. Plaintiff alleges that Defendant, acting through its agents, servants, and/or employees, who were at all times acting within the course and scope of their employment, was/were negligent in maintaining the conditions of the premises and was negligent in maintaining, training and enforcing safety policies and procedures. Defendant additionally was negligent as follows:

    A.  Failed to provide reasonable means to protect customers, including Plaintiff;
    B.  Failed to warn Plaintiff;
    C.  Failed to train its employees regarding proper procedures to keep its premises reasonably safe when it knew or should have known of unreasonable dangerous conditions;
    D.  Failed to train its agents, servants and/or employees regarding the proper use of materials and purchased items; and
    E.  Failed to supervise its agents, servants and/or employees to insure that Defendant's premises and activities were safe for customers.

24. Plaintiff alleges that each and every one of the aforesaid careless and negligent acts and/or omissions on the part of this Defendant constitutes negligence which was and is a proximate cause and producing cause of the injuries and damages sustained by Plaintiff.

## VIII.
## DAMAGES

25. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Jose Manuel Quintanilla was caused to suffer bodily injuries. Based upon the injuries and damages sustained by Plaintiff, as well as his knowledge of the continuing effect of those injuries to date, Plaintiff seeks damages in excess of the minimum jurisdictional limits of this Court, for which he now sues.

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable are were usual and customary charges for such services in Hidalgo County, Texas;

   b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   c. Physical pain and suffering in the past;

   d. Physical pain and suffering in the future;

   e. Physical impairment which, in all reasonable probability, will suffer in the future;

   f. Mental anguish suffered in the past;

   g. Mental anguish which, in all reasonable probability, will be suffered in the future;

   h. Loss of enjoyment of life in the past and future; and

   i. The loss and/or reduction of earning and/or earning capacity sustained by Plaintiff from the date of the occurrence in question up to the time of trial and will suffer in the future.

26. The above enumerated damages were proximately caused by the negligence of the Defendants and/or its' servants, agents and/or employees acting within the course and scope of their employment and/or agency. Plaintiff, therefore, pleads for an amount of actual damages which the jury deems reasonable which is in excess of the minimal jurisdictional limits of this court.

## IX.
## PRE-JUDGMENT AND POST-JUDGEMENT INTEREST

27. Plaintiff is entitled to recovery of pre-judgment and post-judgment interest.

## X.
## JURY DEMAND

28. Plaintiff hereby demands trial by jury.

### PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiff, Jose Manuel Quintanilla., prays that Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. be cited to appear and answer herein and that, upon final trial hereof, Plaintiff recover his damages specified hereinabove, pre-judgment interest and post-judgment interest as provided by law, costs of Court, and for such other and further relief, at law or in equity, to which Plaintiff may be justly entitled to receive from and against the Defendant.

Respectfully Submitted,

**Law Office of Tony Torres, PLLC**

By: */s/ Tony Torres*
Tony Torres
State Bar No. 24051438
Email: tonyt@torreslawpllc.com
118 East Cano Street

         Edinburg, Texas 78539
         Phone: (956) 217-0585
         Fax: (956) 217-0584
         Email: maryq@torreslawpllc.com (Assistant)
         ***Attorney for Plaintiff***

***E-Service purposes Only:*** *eserve@torreslawpllc.com*